### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID ARNDT, individually and as representatives of all persons similarly situated,**       ) ) ) | |
|        ) | |
|       **Plaintiffs,**    ) | |
|        ) | |
| **v.**        ) | **No. CIV-21-584-R** |
|        ) | |
| **JANET PEERY, et al.,**    ) | |
|        ) | |
|       **Defendant.**    ) | |

### ORDER

Before the Court is the Motion to Dismiss (Doc. No. 15) filed by Defendant Peery, in her official capacity.[1] Plaintiff did not respond to the motion within the time limits prescribed by Local Civil Rule 7.1 nor did he seek an extension of time in which to respond. Upon consideration of the merits of the motion and for the reasons set forth herein, Defendant's Motion to Dismiss is GRANTED.

Because Plaintiff is proceeding *pro se*, the Court liberally construes his complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court must accept all well-pleaded factual allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558. "[C]onclusory allegations without supporting factual averments are

---

[1] On August 9, 2021, the Court *sua sponte* dismissed the official capacity claims against the other Defendants as redundant of the official capacity claim against Ms. Peery. The Court did not address the individual capacity claims in that Order.

insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

Citing 42 U.S.C. § 1983, Plaintiff's Complaint seeks redress from the YWCA OKC, via Janet Peery in her official capacity, for alleged discrimination on the basis of gender. *See Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998)("An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works."). Plaintiff contends that because the YWCA OKC does not provide programs or aid to male victims of domestic violence, to include him, that his civil rights have been violated. Defendant Peery in her official capacity seeks dismissal of Plaintiff's claims, arguing that the YWCA OKC is a private entity, and therefore cannot be held liable under 42 U.S.C. § 1983.[2] In the Complaint Plaintiff acknowledges that the YWCA is not a state agency, but asserts it is a "'quasi' governmental agency that due to [its] Federal and state standing . . . must not discriminate against race, sex, religion or political affiliation." Doc. No. 1, ¶ 8. Plaintiff then alleges that because the YWCA is a certified domestic violence shelter, having been certified by the Oklahoma Attorney General, and because it accepts state and federal funding, it should be considered a state actor.[3] Plaintiff seeks to recover against the Defendants pursuant to 42 U.S.C. § 1983,

---

[2] Although the caption of Defendant's motion indicates it is filed with regard to the official capacity claim against her, it is apparent that she also seeks dismissal of the individual capacity claim. Accordingly, Defendant Peery makes a similar argument that she is not a state actor.

[3] Okla. Stat. tit. 74 § 18p-1 creates within the Attorney General's office a Victim Services Unit to provide services for victims of domestic violence or sexual assault. Oklahoma Administrative Code 75:15-1-2 includes the following:

asserting that the failure to offer domestic violence programs to male victims of domestic

violence violates the Equal Protection Clause of the Fourteenth Amendment.

> The provisions of § 1983 only apply to persons who both deprive others of a right secured by the Constitution or laws of the United States and act under color of a state statute, ordinance, regulation, custom or usage." *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987). In *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), the Supreme Court held the action under color of state law necessary to establish a § 1983 suit is equivalent to the "state action" necessary to establish a violation of the Fourteenth Amendment. Under the state action doctrine, "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Id.* at 937, 102 S.Ct. 2744.
>
> This "fair attribution" test has two elements: "a state policy and a state actor." *Roudybush v. Zabel*, 813 F.2d 173, 176 (8th Cir. 1987). To satisfy the former, "the [constitutional] deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937, 102 S.Ct. 2744. To satisfy the latter, "the party charged with the deprivation must be a person who may fairly be said to be a state actor," either "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* These elements "collapse into each other when the claim of a constitutional deprivation is directed against a party whose official character is such as to lend the weight of the State to his decisions," but "diverge when the constitutional claim is directed against a party without such apparent authority, i.e., against a private party." *Id.*

*Janny v. Gamez*, 8 F.4th 883, 918–19 (10th Cir. 2021).[4]  As acknowledged by Plaintiff's

Complaint, quoted above, the YWCA is not a traditional state actor, but rather, at least

nominally, it is a private party.

> "When a constitutional claim is asserted against private parties, to be classified as state actors under color of law they must be jointly engaged with state officials in the conduct allegedly violating the federal right." *Carey*, 823

---

"Certified domestic violence and sexual assault program" or "Certified DVSA program" means a status which is granted to an entity by the Oklahoma Attorney General, and indicates approval to offer domestic violence, sexual assault and stalking services pursuant to 74 O.S. § 18p-6.

[4]  The Fourteenth Amendment provides that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

F.2d at 1404 (footnote omitted). The Supreme Court has delineated various
tests for analyzing the state actor requirement: public function, state
compulsion, nexus, and joint action. *Lugar*, 457 U.S. at 939, 102 S.Ct. 2744.
"[N]o one criterion must necessarily be applied," *Brentwood Acad. v. Tenn.
Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303, 121 S.Ct. 924, 148 L.Ed.2d
807 (2001), as "each test really gets at the same issue—is the relation
between a nominally private party and the alleged constitutional violation
sufficiently close as to consider the nominally private party a state entity for
purposes of section 1983 suit?" *Anaya v. Crossroads Managed Care Sys.,
Inc.*, 195 F.3d 584, 596 (10th Cir. 1999). Each test also requires a fact-
specific analysis. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442,
1448 (10th Cir. 1995); *see Lugar*, 457 U.S. at 939, 102 S.Ct. 2744 (describing
the state actor assessment as a "necessarily fact-bound inquiry").

*Id.* Because Plaintiff did not respond to Defendant's Motion to Dismiss, the Court considers

whether he has pled sufficient facts to assert the state action necessary to sustain a § 1983

claim under any of these tests.

Under the public function test, a party will be deemed a state actor
"[i]f the state delegates to a private party a function traditionally exclusively
reserved to the State." *Gallagher*, 49 F.3d at 1456. "This is an arduous
standard to satisfy," *Johnson*, 293 F.3d at 1203, because "[w]hile many
functions have been traditionally performed by governments, very few have
been 'exclusively reserved to the State.'" *Flagg Bros. v. Brooks*, 436 U.S.
149, 158 (1978); *see also Doe v. Harrison*, 254 F. Supp. 2d 338, 343
(S.D.N.Y. 2003) (quotation omitted) (describing the public function test as
"quite stringent" and stating that "an extraordinarily low number" of
functions have been deemed public functions). For example, "[t]raditional
and exclusive functions of the state include such functions as administering
public elections, operating towns, or managing city parks, but not educating
children or enforcing statutory liens." *Reinhardt v. Kopcow*, 65 F. Supp. 3d
1164, 1172 (D. Colo. 2014).

*Smith v. Williams*, No. 20-cv-00841, 2021 WL 4947353, at *27 (D. Colo. Oct. 13, 2021).

Plaintiff's Complaint provides no factual basis from which the Court could conclude that

assisting victims of domestic violence was a function traditionally exclusively reserved to

4

the State. Thus, Plaintiff has failed to state a claim against Defendant Peery in her official

capacity under this restrictive approach to state action.

The second test identified in *Janny*, the state compulsion test, "asks whether the

challenged activity was the result of the State's exercise of coercive power or the State's

significant encouragement." *Vargas v. Frietze*, No. 02-1592, 2003 WL 27385444 (D.N.M

2003)(citing *Brentwood Academy*, 531 U.S. at 296). The facts alleged in the Complaint do

not support an inference that the State of Oklahoma coerced the YWCA's actions and

therefore the state compulsion test does not provide Plaintiff with a basis for holding Janet

Peery liable in her official capacity.

"Under the nexus test, a plaintiff must demonstrate that 'there is a sufficiently close

nexus' between the government and the challenged conduct such that the conduct 'may be

fairly treated as that of the State itself.'" *Gallagher v. Neil Young Freedom Concert*, 49

F.3d 1442, 1448 (10th Cir. 1995)(quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S.

345, 351 (1974)). Although this inquiry, like the others, is fact specific, the Supreme Court

has drawn certain guidelines.

> First, the existence of governmental regulations, standing alone, does not
> provide the required nexus. [*Blum v. Yaretsky*, 457 U.S. 991] at 1004, 102
> S.Ct. at 2785–86; *Jackson*, 419 U.S. at 350, 95 S.Ct. at 453. Similarly, the
> fact that a private entity contracts with the government or receives
> governmental funds or other kinds of governmental assistance does not
> automatically transform the conduct of that entity into state action. *Rendell–
> Baker v. Kohn*, 457 U.S. 830, 840–42, 102 S.Ct. 2764, 2770–71, 73 L.Ed.2d
> 418 (1982); *San Francisco Arts & Athletics, Inc. v. United States Olympic
> Comm.*, 483 U.S. 522, 544, 107 S.Ct. 2971, 2985, 97 L.Ed.2d 427 (1987)
> ("The Government may subsidize private entities without assuming
> constitutional responsibility for their actions.").

*Id. See also Blum v. Yaretsky*, 457 U.S. 991, 1008-11 (1982) (holding that nursing home is not a state actor despite extensive state regulation of the industry and explaining a state is not liable for determinations that "ultimately turn on medical judgments made by private parties according to professional standards that are not established by the State."); *Jackson v. Metro. Edison Co*., 419 U.S. 345, 358-59 (1974) (holding that heavily regulated electric company's decision is not a state action); *Doe v. Rosenberg*, 996 F. Supp. 343, 347-58 (S.D.N.Y. 1998) (finding that neither a "private hospital ... licensed to provide emergency psychiatric services and treat mentally disabled persons," the same hospital's physician employees, nor a private physician, each of whom played a decision-making role in involuntarily committing an individual, were state actors); *Ridlen v. Four Cnty. Counseling Ctr.*, 809 F. Supp. 1343, 1350-54 (N.D. Ind. 1992) (holding that neither a private, non-profit corporation nor private psychiatrists that provided community mental health services were state actors for purposes of § 1983 liability); *Faulk v. Ludwig*, 732 F. Supp. 591, 595-99 (W.D. Pa. 1990) (holding that a private, non-profit corporation providing psychological mental health services and a certified social worker employed by the same as a psychotherapist were not state actors under either the close nexus or public function tests, and noting, "[C]onsiderable public funding and extensive regulation by the State is insufficient to turn the conduct of private parties into state action"). Given that Plaintiff relies on the YWCA's receipt of state funding and its status as a certified domestic violence program as his basis for arguing that Defendant is a state actor, and similar facts have been found insufficient to support the nexus test, the Court concludes Plaintiff has failed to plead state action on this basis.

6

Finally, "[u]nder the joint action test, 'courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.'" *Janny*, 8 F.4th at 919 (quoting *Gallagher*, 49 F.3d at 1453). "[O]ne way to prove willful joint action is to demonstrate that the public and private actors engaged in a conspiracy. *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000)). Plaintiff's Complaint lacks any factual allegations that would support a finding of a conspiracy or that Defendant YWCA and state officials acted in concert to deprive him of his equal protection rights.

In sum, even reading Plaintiff's allegations liberally, the factual allegations are insufficient to plead a plausible claim that Janet Peery, in her official capacity, that is, the YWCA, performed as a state actor.

To the extent Plaintiff relies on the Violence Against Women Act and the YWCA's receipt of federal funding, he would need to pursue his claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which provides a cause of action for violation of federal constitutional rights by federal agents, rather than under § 1983. Additionally, because the Fourteenth Amendment applies to state, not federal action, Plaintiff's claims would arise under the Fifth Amendment, but would nevertheless require federal involvement. *See Gilmore v. Salt Lake City Community Action Program*, 710 F.2d 632, 635-36 (10th Cir. 1983). Plaintiff's federal allegations are limited to his contention that the YWCA received federal funds and that the Violence Against Women Act prohibits discrimination on the basis of gender. These allegations are insufficient to support a *Bivens* claim.

Finally, although the Court did not *sua sponte* dismiss the individual Defendants in their individual capacities in the August 9, 2021 Order, the Court takes the opportunity to do so now. With regard to all individual Defendants, including Defendant Peery, Plaintiff has failed to allege sufficient facts from which the Court can infer that any of these persons acting in his or her individual capacity was a state or federal actor under any of the tests set forth above. Accordingly, pursuant to its 28 U.S.C. § 1915(e)(2) obligation to screen this matter, the Court dismisses Plaintiff's individual capacity claims against all Defendants.

For the reasons set forth herein, the Motion to Dismiss filed by Janet Peery in her official capacity is hereby GRANTED because Plaintiff fails to allege a claim under 42 U.S.C. § 1983 or *Bivens.* Additionally, Plaintiff's claims against the individual Defendants are hereby DISMISSED on the same basis pursuant to 28 U.S.C. § 1915(e)(2). This dismissal is with prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 8th day of November 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE